Chris NELSON, Appellant,

v.

**PRODUCTIVE ALTERNATIVES, INC., Respondent.**

No. A04–1691.

Court of Appeals of Minnesota.

May 31, 2005.

842

Robert L. Russell, III, Fergus Falls, MN, for appellant.

H. Morrison Kershner, Pemberton, Sorlie, Rufer & Kershner, P.L.L.P., Fergus Falls, MN, for respondent.

Considered and decided by STONEBURNER, Presiding Judge; LANSING, Judge; and WILLIS, Judge.

## OPINION

LANSING, Judge.

A discharged employee appeals from the dismissal of his complaint for failure to state a claim upon which relief can be granted, arguing that the district court erred in its legal conclusion that the Whistleblower Act displaced the common-law action for wrongful discharge for refusal to participate in an unlawful activity that was recognized in *Phipps v. Clark Oil & Ref. Corp.*, 396 N.W.2d 588, 592 (Minn.App. 1986) (*Phipps I*), and affirmed and modi-

fied in *Phipps v. Clark Oil & Ref. Corp.*, 408 N.W.2d 569, 571 (Minn.1987) (*Phipps II* ). We agree that the Whistleblower Act does not displace the common-law action recognized in *Phipps I* as refined and restated in *Phipps II*, but because the discharged employee's complaint fails to state a claim that is within the ambit of the common-law action, we affirm.

## FACTS

Beginning in 1989, Chris Nelson was employed as Director of Rehabilitation with Productive Alternatives, Inc., a non-profit corporation. Productive Alternatives terminated Nelson's at-will employment on November 3, 2003. At that time, Nelson was both an employee and a "member" of the corporation. Nelson sued for wrongful discharge, alleging that he was "wrongfully discharged from employment . . . because of his actual and/or perceived actions as a member of the corporation."

Nelson did not bring a claim under Minnesota's Whistleblower Act but asserted, instead, that his claim arose under common law. Productive Alternatives moved to dismiss for failure to state a legally sufficient claim for relief. The district court granted the motion, determining that the Whistleblower Act had displaced common-law actions for retaliatory discharge. Nelson appeals from the dismissal of his claim.

## ISSUES

I.   Does the Whistleblower Act displace common-law actions for wrongful discharge for refusal to participate in an unlawful activity?

II.  Did Nelson set forth a legally sufficient claim for relief?

## ANALYSIS

### I

■ The district court granted Productive Alternatives' motion to dismiss on the legal determination that the "Whistleblower Act has displaced common law actions for retaliatory discharge." We review a district court's decision on a legal issue de novo. *Frost–Benco Elec. Ass'n v. Minn. Pub. Utils. Comm'n,* 358 N.W.2d 639, 642 (Minn.1984).

■ Minnesota adheres to the general rule that an employer-employee relationship is terminable at the will of either the employer or employee. *Skagerberg v. Blandin Paper Co.,* 197 Minn. 291, 294–95, 266 N.W. 872, 873–74 (1936). In 1986 we recognized an exception to the at-will-employment doctrine when an employee proves that a discharge "violates a clear mandate of public policy, either legislatively or judicially recognized." *Phipps v. Clark Oil & Ref. Corp.,* 396 N.W.2d 588, 592 (Minn.App.1986) (*Phipps I* ). Consistent with this exception, we held that the plaintiff properly stated a cause of action by alleging that he was terminated for refusing to violate the federal Clean Air Act. *Id.* at 594. The employer petitioned for review to the Minnesota Supreme Court.

In 1987, while the petition for review was pending, the Minnesota legislature enacted the Whistleblower Act, which prohibits an employer from discharging employees for enumerated public-policy reasons, including refusal to perform an unlawful act. 1987 Minn. Laws ch. 76, § 2; *see also* Minn.Stat. § 181.932, subd. 1(c) (2004) (providing cause of action when employee is discharged for refusing employer's order to perform unlawful act). After the legislative enactment of the Whistleblower Act, the supreme court affirmed this court's holding in *Phipps I* that the common law protects at-will employees discharged for their refusal to violate a law or regulation. *Phipps v. Clark Oil & Ref. Corp.,* 408 N.W.2d 569, 571 (Minn.1987) (*Phipps II* ).

The supreme court held that "an employee may bring an action for wrongful discharge if that employee is discharged for refusing to participate in an activity that the employee, in good faith, believes violates any state or federal law or rule or regulation adopted pursuant to law." *Id.* In preliminary language, before stating its holding, the court observed that, because of the intervening enactment of the Whistleblower Act, "we no longer have before us the policy question of whether or not Minnesota should join the three-fifths of the states that now recognize, to some extent, a cause of action for wrongful discharge." *Id.* Quoting this statement by the supreme court, some decisions from this court have indicated that the Whistleblower Act "displaced" common-law claims for wrongful discharge for refusal to violate a law or regulation. *See Bolton v. Dep't of Human Servs.,* 527 N.W.2d 149, 154 (Minn.App.1995) ("Generally, common law claims for retaliatory discharge have been displaced by the Whistleblower Act."), *rev'd on other grounds,* 540 N.W.2d 523 (Minn.1995). A careful reading of the Whistleblower Act, in conjunction with applicable case law, demonstrates that it did not displace the common-law action for wrongful discharge recognized in *Phipps I* as modified by the supreme court in *Phipps II.*

■ Statutes in derogation of the common law are strictly construed, and the legislation will not "supplant, impair or restrict equity's normal function as an aid to complete justice." *Rosenberg v. Heritage Renovations, LLC,* 685 N.W.2d 320, 327–28 (Minn.2004). Under this principle, common-law remedies remain viable following statutory enactments if the statute does not expressly abrogate the common-law remedy or if the statute expressly disclaims any intent to do so. *Compare id.* at 328–29 (holding that creation of "over-ride" remedy for terminated real-estate broker, under Minn.Stat. § 82.195 (2002), was intended to be an alternative rather than an abrogation of broker's equitable "procuring cause" remedy), *with Hedged Inv. Partners, L.P. v. Norwest Bank Minn., N.A.,* 578 N.W.2d 765, 770 (Minn. App.1998) (noting U.C.C.'s commercial exclusivity when foundational assumptions of U.C.C. require displacement of common-law theory), *Milbrandt v. Am. Legion Post of Mora,* 354 N.W.2d 499, 502 (Minn.App. 1984) (recognizing no-fault automobile insurance is intended to displace common-law fault system), *and* Minn.Stat. § 176.031 (2004) (providing that "liability of an employer prescribed by this chapter is exclusive").

■ The Whistleblower Act does not expressly abrogate the common-law action in tort for wrongful discharge for refusal to perform an unlawful act. We must assume that the legislature acted with full knowledge of *Phipps I* when it enacted the Whistleblower Act. *See Minneapolis E. Ry. v. City of Minneapolis,* 247 Minn. 413, 418, 77 N.W.2d 425, 428 (1956) (stating that courts presume that legislature acts with full knowledge of existing caselaw). The legislature could have expressly displaced the common-law claim recognized in *Phipps I,* but it did not. Because the legislature did not prescribe the Whistleblower Act as providing an exclusive remedy, or otherwise clearly indicate an abrogation of common law, it did not displace the existing common-law action in tort for retaliatory discharge created by *Phipps I* and refined by *Phipps II.*

This conclusion conforms to recent opinions of the supreme court, particularly *Abraham v. County of Hennepin,* 639 N.W.2d 342 (Minn.2002). In *Abraham,* the supreme court held that an action brought under the Whistleblower Act seeking only money damages is a cause of

action at law with an accompanying constitutional right to jury trial. *Id.* at 354. In reaching this conclusion, the supreme court reasoned that wrongful-discharge claims "sound in tort" and "existed at common law as early as 1861." *Id.* at 350, 352. Citing *Phipps I,* the supreme court explained that retaliatory discharge is a species of wrongful discharge and similarly sounds in tort, thus giving rise to the constitutional right to jury trial. *Id.* at 352–54. The supreme court's conclusion that actions brought under the Whistleblower Act sound in tort and therefore give rise to the right to jury trial is consistent with our wrongful-discharge jurisprudence.

*Abraham* implicitly recognizes that the supreme court's preliminary language in *Phipps II* defers to the primacy of legislative determinations on public policy because the legislature had already made the policy decision to create a statutory cause of action for wrongful discharge for refusal to perform an unlawful act, but this recognition is not a rejection of the common-law cause of action. *Id.* at 351–52. The court explained its resolution of the question of a common-law action:

> Because the employee in *Phipps* was injured before enactment of the Whistleblower Act, the Whistleblower Act could not be the basis for his claim, and thus, we had to determine whether he could proceed under the common law. We allowed the employee to pursue his common law cause of action for wrongful discharge, and we agreed that the common law protects those fired for their refusal to violate the law.

*Id.* at 352 (citing *Phipps II,* 408 N.W.2d at 571) (citation omitted).

In permitting Mark Phipps to proceed with his common-law action, however, the supreme court, in *Phipps II,* restated the scope of the action and restricted the defi-nition in *Phipps I,* which had included violations of both legislative and judicially recognized public policy, to include only refusal to participate in an activity that violates a law or promulgated rule or regulation. *Compare Phipps I,* 396 N.W.2d at 592 (recognizing common-law claim when employee proves discharge "violates a clear mandate of public policy, either legislatively or judicially recognized"), *with Phipps II,* 408 N.W.2d at 571 (holding common law protects at-will employees discharged for their refusal to violate a law or regulation).

When the supreme court in *Phipps II* defined the scope of the common-law action, it adopted the definition used by the legislature in the Whistleblower Act. *Compare* 1987 Minn. Laws ch. 76, § 2 (providing cause of action when employee "refuses to participate in any activity that the employee, in good faith, believes violates any state or federal law or rule or regulation adopted pursuant to law"), *with Phipps II,* 408 N.W.2d at 571 (providing common-law cause of action for discharge prior to enactment of Whistleblower Act when discharged for "refusing to participate in an activity that the employee, in good faith, believes violates any state or federal law or rule or regulation adopted pursuant to law"). The supreme court's adoption of the definition used by the legislature in the Whistleblower Act restated the scope of the common-law action, but it did not eliminate the common-law action.

**II**

Because we have concluded that the Whistleblower Act did not displace the common-law action for wrongful discharge for refusal to perform an unlawful act, we now address the sufficiency of Nelson's common-law claim. In reviewing cases involving dismissal for failure to state a claim upon which relief can be granted under Minn. R. Civ. P. 12.02(e), we consider whether the complaint sets forth a le-

gally sufficient claim for relief. *Barton v. Moore,* 558 N.W.2d 746, 749 (Minn.1997). Our review accepts the facts alleged in the complaint as true and construes all reasonable inferences in favor of the nonmoving party. *Marquette Nat'l Bank v. Norris,* 270 N.W.2d 290, 292 (Minn.1978).

Nelson contends that he was discharged in violation of a clear public-policy mandate expressed in two portions of the Minnesota Nonprofit Corporation Act, Minn.Stat. §§ 317A.401, subd. 4, and 317A.411, subd. 1 (2004). This allegation is insufficient to establish a claim for relief under the *Phipps II* definition of the common-law action, which permits an employee to bring an action for wrongful discharge if that employee is discharged for "refusing to participate in an activity that the employee, in good faith, believes violates any state or federal law or rule or regulation adopted pursuant to law." *Phipps II,* 408 N.W.2d at 571. Nelson has not alleged that he was discharged for refusing to participate in an act that he believed violated a state or federal law, rule, or regulation. We therefore affirm the district court's dismissal of Nelson's complaint for failure to state a common-law claim upon which relief can be granted.

We recognize that our analysis of the interplay among the Whistleblower Act and *Phipps I* and *Phipps II* brings us to the same result that the district court reached in its analysis—dismissal of the complaint. We also recognize that the complexity of the district court's analytical task was increased by a lack of precision in cases raising similar issues in this court. But it is essential for proper application of the law to analyze accurately the controlling precedent and to state correctly the reasons for our decision. To dismiss for failure to state a cause of action because the common law was "displaced" by the Whistleblower Act would ignore the essen-

tial basis for the supreme court's holding in *Phipps II* that allowed the claim to go forward even though the injury occurred before the enactment of the Whistleblower Act.

## DECISION

Because the legislature did not prescribe the Whistleblower Act as an exclusive remedy, the act did not displace the common-law tort that permits an employee to bring an action for wrongful discharge for refusing to participate in an activity that the employee, in good faith, believes violates any state or federal law or rule or regulation adopted pursuant to law. This common-law action, as defined in *Phipps II,* is limited to a refusal to participate in an activity that violates a law or promulgated regulation or rule. Nelson has not alleged that he was discharged for failure to participate in an activity that violated a state or federal law or promulgated regulation or rule. Therefore, we affirm the district court's dismissal of his complaint for failure to state a claim upon which relief can be granted.

**Affirmed.**